# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1.  CHRISTINE SASSMAN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-19-164-SLP |
| 1.  McDONALD TRANSIT ASSOCIATES INC., and | ) |
| | ) **JURY TRIAL DEMANDED** |
| 2.  RATP DEV USA, INC., | ) **ATTORNEY LIEN CLAIMED** |
| Defendants. | ) |

## COMPLAINT

Plaintiff Christine Sassman, by and through her counsel of record, **Stockton Talbert**, respectfully files her Complaint against Defendants McDonald Transit Associates Inc. and RATP Dev USA, Inc.

### Parties

1. Plaintiff Christine Sassman ("**Plaintiff**" or "**Sassman**") is a resident of Lewis County, Washington.

2. Defendant McDonald Transit Associates Inc. ("**McDonald Transit**") is a foreign corporation organized under the law of the state of Texas that conducted business in Oklahoma.

3. McDonald Transit was Sassman's employer.

4. McDonald Transit is not in good standing with the Oklahoma Secretary of State.

5. On or about February 2, 2018, McDonald Transit was suspended by the Oklahoma Secretary of State upon order of the Oklahoma Tax Commission for failure to comply with the requirements of the Oklahoma Franchise Tax Act, resulting in a Certificate of Suspension.

6. McDonald Transit is not in good standing with the Texas Comptroller.

7. Defendant RATP Dev USA, Inc. ("**RATP Dev**") is a foreign corporation organized under the laws of the state of Texas.

8. RATP Dev was not Sassman's employer but is the parent of and/or successor to McDonald Transit.

9. Alternatively, RATP Dev was Sassman's employer who conducted business as McDonald Transit.

10. Alternatively, McDonald Transit and RATP Dev (collectively, "**Defendants**") constitute a single employer because they operated a common enterprise that, upon information and belief, consisted of interrelated operations, management, and/or control over Sassman.

11. Alternatively, Defendants jointly employed Sassman because they each exercised significant control over her employment and/or played a significant role in setting the terms and conditions of her employment,

including by promulgating work rules and assignments, and supervising her daily work.

## Jurisdiction & Venue

12. This civil action arises out of Sassman's former employment and is based on claims of: (a) sex discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a); and (b) age discrimination in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 623(a).

13. This Court has federal question jurisdiction under 28 U.S.C. § 1331, 42 U.S.C. § 2000e-5(f)(1), and/or 29 U.S.C. § 626.

14. Venue is proper in this Court under 28 U.S.C. § 1391(b) and/or 42 U.S.C § 2000e-5(f)(3).

15. Defendants conducted business in Oklahoma County, Oklahoma, the employment practices complained of occurred in or around Oklahoma County, and Oklahoma County is in the judicial district for the United States District Court for the Western District of Oklahoma.

16. Sassman exhausted her administrative remedies with the Equal Employment Opportunity Commission ("**EEOC**") before filing this action.

17. Sassman submitted a Charge of Discrimination to the EEOC on or about July 7, 2018, which was assigned Charge No. 564-2018-01827.

18. Sassman later amended her Charge of Discrimination on or about August 24, 2018.

19. The EEOC issued Sassman a Dismissal and Notice of Rights letter dated November 23, 2018.

20. Sassman files this action within ninety (90) days of the date of the EEOC's Dismissal and Notice of Rights letter.

21. All conditions precedent to filing this action have occurred or have been performed.

## **Statement of the Claim**

22. Sassman is a woman who was born in August of 1964, making her fifty-four years old on the date this case is filed.

23. Sassman was first hired as a cleaner and bus driver for Defendants in or around 2007 and was promoted to other positions by the company.

24. In or around 2010, Sassman became a General Manager. She was assigned to various locations around the United States.

25. Starting in or around November 2016, Sassman was assigned to work in Edmond, Oklahoma, where she worked until her discharge.

26. Sassman was qualified for her position as a General Manager.

27. During her tenure as General Manager, Sassman performed her job satisfactorily.

28. Prior to her discharge, Sassman did not receive any oral or written disciplinary actions during her tenure as General Manger in Edmond, Oklahoma.

29. On or about October 27, 2017, Sassman had a business meeting that consisted of dinner and drinks with her Regional Manager, John Hendrickson ("**Hendrickson**").

30. Hendrickson is a man who is younger than Sassman.

31. Sassman is in a romantic relationship with another woman.

32. During the business dinner, Sassman received a telephone call from her domestic partner, who is a woman.

33. Once Hendrickson learned that Sassman was in a relationship with a person of the same sex, he became visibly uncomfortable.

34. About two (2) weeks later, on or about November 14, 2017, Sassman was discharged from her employment by Hendrickson.

35. Sassman's discharge was unexpected and contrary to her positive disciplinary history.

36. While Defendants did not convey the reason for her discharge in writing, Sassman was told prior to her discharge that the company was investigating her because she had a beer with a late lunch while on personal time a couple weeks before.

37. Defendants do not have a written policy that prohibits drinking beer on personal time.

38. Defendants allow male and younger General Managers to drink beer on personal time without discharging them.

39. Sassman and Hendrickson consumed alcoholic drinks together during their business dinner while on personal time around the same time Defendants allege Sassman drank beer while on personal time in violation of company policy.

40. Hendrickson did not tell Sassman she could not drink beer during personal time.

41. Defendants' stated reason for Sassman's discharge is a mere pretext for their unlawful discrimination.

42. The real reason Defendants discharged Sassman was because of her sex and because of her age.

43. During her employment, Hendrickson made negative comments to Sassman about her age, including in or around September 2017, just two (2) months before her discharge, when he told her she was "a little old" to be going back to school.

44. Defendants have a pattern and practice of discharging and/or forcing older employees into retirement and replacing them with younger employees.

45. Defendants have a pattern and practice of discharging and/or forcing female employees into retirement and replacing them with males.

46. Sassman has suffered damages because of Defendants' conduct, including lost wages (past and future), emotional distress damages, liquidated damages, and other actual damages.

47. Sassman is entitled to punitive damages because Defendants' unlawful conduct was intentional, willful, wanton, or in reckless disregard of Sassman's rights.

48. Sassman also seeks to recover attorneys' fees, costs, prejudgment interest, post-judgment interest, and all other relief allowed by law or equity.

**WHEREFORE**, Plaintiff Christine Sassman prays the Court enter judgment against Defendants McDonald Transit Associates Inc. and RATP Dev USA, Inc. following a jury trial and award her actual damages, liquidated damages, punitive damages, attorney's fees, costs, prejudgment interest, post-judgment interest, and all other relief allow by law or equity.

Respectfully submitted,

**CHRISTINE SASSMAN**,
Plaintiff, by and through:

_____
Joshua Stockton, OBA # 21833
Laura Talbert, OBA # 32670
Jaklyn Garrett, OBA # 31556
**STOCKTON TALBERT, PLLC**
1127 NW 14th Street
Oklahoma City, OK 73106
Phone: (405) 225.1200
Email: jstockton@stocktontalbert.com
**ATTORNEYS FOR PLAINTIFF**
**CHRISTINE SASSMAN**